**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_______________ District of Delaware (State)

Case number (*If known*): _______________ Chapter 7

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — Full Circle Fiber Intermediate LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN) — 84-5111511

4. **Debtor's address**

   **Principal place of business**

   14480 62nd Street N
   Number Street

   Clearwater FL 33760
   City State ZIP Code

   Pinellas
   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number Street

   City State ZIP Code

5. **Debtor's website** (URL) — https://www.fullcirclefiberpartners.com/

Debtor Full Circle Fiber Intermediate LLC Case number (*if known*) ____________

Name

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ____________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5 1 7 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No
- ☐ Yes. District ____________ When ____________ (MM / DD / YYYY) Case number ____________

  District ____________ When ____________ (MM / DD / YYYY) Case number ____________

Debtor Full Circle Fiber Intermediate LLC
Name

Case number (*if known*) ____________________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- ☐ No
- ☒ Yes. Debtor See Schedule 1 Relationship Affiliates

  District Delaware When ________ MM / DD / YYYY

  Case number, if known ____________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☒ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? ____________________
  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other ____________________

  **Where is the property?** ____________________
  Number Street

  ____________________

  ____________________ ______ ____________
  City State ZIP Code

  **Is the property insured?**

  - ☐ No
  - ☐ Yes. Insurance agency ____________________

    Contact name ____________________

    Phone ____________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☐ Funds will be available for distribution to unsecured creditors.
- ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

Debtor Full Circle Fiber Intermediate LLC
Name

Case number (*if known*)

**15. Estimated assets (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/09/2026
MM / DD / YYYY

✘ /s/ Brian Colbert
Signature of authorized representative of debtor

Brian Colbert
Printed name

Title Authorized Signatory

**18. Signature of attorney**

✘ /s/ Christopher M. Samis
Signature of attorney for debtor

Date 09/09/2026
MM / DD / YYYY

Christopher M. Samis
Printed name

Ice Miller LLP
Firm name

500 Delaware Avenue, Suite 220
Number Street

Wilmington DE 19801
City State ZIP Code

(302) 313-0600
Contact phone

Christopher.Samis@icemiller.com
Email address

4909 DE
Bar number State

**Schedule 1**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 7 of title 11 of the United States Code.

| Debtors | | Federal Employer Identification Number |
|---|---|---|
| 1. | Full Circle Fiber Intermediate LLC | 84-5111511 |
| 2. | Full Circle Fiber Operating LLC | 85-1996889 |
| 3. | Knight Broadband LLC | 84-5064061 |
| 4. | Noble Broadband LLC | 85-2008884 |
| 5. | MTC Consulting LLC | 85-2997132 |
| 6. | Reel Broadband LLC | 86-1785720 |
| 7. | Kennedy Broadband LLC | 87-2850624 |
| 8. | Lightspeed Construction Group LLC | 87-2872608 |
| 9. | Precision Broadband LLC | 85-1996889 |
| 10. | RMWT Consulting LLC | 92-2449910 |
| 11. | Connecta Broadband LLC | 93-2323129 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KNIGHT BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>NOBLE BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>KENNEDY BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>LIGHTSPEED CONSTRUCTION GROUP LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>MTC CONSULTING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |

| | |
|---|---|
| In re:<br><br>REEL BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>PRECISION BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>RMWT CONSULTING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>CONNECTA BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>FULL CIRCLE FIBER OPERATING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>FULL CIRCLE FIBER INTERMEDIATE LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FED. R. BANKR. P. 1007(A)(1) AND RULE 7007.1**

Pursuant to Rule 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedures, the debtors in the above-captioned chapter 7 cases (each, a "Debtor" and, collectively, the "Debtors") hereby state that the following corporate entities directly own 10% or more of the Debtors' member interests.

**Full Circle Fiber Intermediate LLC's**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Partners LLC | 100% |

**Full Circle Fiber Operating LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Intermediate LLC | 100% |

**Lightspeed Construction Group LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Operating LLC | 100% |

**MTC Consulting LLC LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Operating LLC | 100% |

**Reel Broadband LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Operating LLC | 100% |

**Precision Broadband LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Operating LLC | 100% |

**RMWT Consulting LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Operating LLC | 100% |

**Connecta Broadband LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Full Circle Fiber Operating LLC | 100% |

**Knight Broadband LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Lightspeed Construction Group LLC | 100% |

**Kennedy Broadband LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Lightspeed Construction Group LLC | 100% |

**Noble Broadband LLC**

| Name | Equity Interest Held (%) |
|---|---|
| Lightspeed Construction Group LLC | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name Full Circle Fiber Intermediate LLC

United States Bankruptcy Court for the: ______________________ District of Delaware (State)

Case number (*If known*): ______________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9/9/2026
MM / DD / YYYY

✘ /s/ Brian Colbert
Signature of individual signing on behalf of debtor

Brian Colbert
Printed name

Authorized Signatory
Position or relationship to debtor

**ACTION BY WRITTEN CONSENT OF THE MANAGERS AND MANAGING MEMBERS OF**
**FULL CIRCLE FIBER INTERMEDIATE LLC**
**FULL CIRCLE FIBER OPERATING LLC**
**LIGHTSPEED CONSTRUCTION GROUP LLC**
**MTC CONSULTING LLC**
**REEL BROADBAND LLC**
**PRECISION BROADBAND LLC**
**RMWT CONSULTING LLC**
**CONNECTA BROADBAND LLC**
**KNIGHT BROADBAND LLC**
**NOBLE BROADBAND LLC**
**KENNEDY BROADBAND LLC**

**September 4, 2026**

The undersigned, being (a) all managers of the Board of Managers of Full Circle Fiber Intermediate LLC pursuant to the Delaware Limited Liability Company Act (each, a "Manager" and, collectively, the "Managers"), and (b) the respective managing member of each other Company listed in Annex A hereto pursuant to such Company's operating agreement (each, a "Managing Member" and, collectively, the "Managing Members", and together with the Managers, each a "Governing Body" and, collectively, the "Governing Bodies"), of the entities listed in Annex A hereto (collectively, the "Companies"), do hereby consent to, adopt and approve by written consent, the following resolutions and each and every action effected thereby and direct that this written consent be filed with the minutes of the proceedings of each Company:

**WHEREAS**, the respective provisions of the applicable agreement or other equivalent governing document of each Company (each, an "LLC Agreement") provide that the Governing Body of such Company have the ultimate power and authority to manage the business and affairs of such Company;

**WHEREAS**, the respective LLC Agreement of each Company provides that the Governing Body of such Company may act by written consent in lieu of a meeting;

**WHEREAS**, the Governing Bodies have reviewed and considered presentations by management and the Companies' financial and legal advisors regarding the current capital structure, assets, liabilities, contractual obligations, creditor rights, operations, liquidity, and general financial condition of each Company, the strategic alternatives available to them, and the impact of the foregoing on each Company's business, and have had adequate opportunity to consult with management and such advisors, obtain additional information, and fully consider all available alternatives; and

**WHEREAS**, the Governing Bodies have determined, based on their review of the materials presented and the advice of management and the Companies' financial and legal advisors, that it is advisable and in the best interests of each Company, its members, creditors, and other parties in interest for each Company to seek relief under chapter 7 of title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and that commencement of such chapter 7 cases (collectively, the "Chapter 7 Cases") is necessary or advisable to wind down and liquidate the affairs of each Company in an orderly manner for the benefit of its stakeholders.

**NOW, THEREFORE, BE IT HEREBY RESOLVED AS FOLLOWS:**

**Chapter 7 Filing:**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of the Companies, including after considering the interests of their creditors and other parties in interest, to file, or cause to be filed, voluntary petitions for relief thereby commencing Chapter 7 Cases under the Bankruptcy Code in the Bankruptcy Court and any other petition, motion, application, pleading, proposed order, or other document that may be necessary, advisable, or appropriate under applicable law, and to take any and all actions that such Governing Body or any Authorized Person (as defined below) deems necessary, advisable, or appropriate;

**RESOLVED**, that each of Michael Duran, Jenna Bonczewski, Donald Mackenzie, and Brian Colbert, and each manager and officer of each Company, is hereby designated as an "Authorized Person" (each, an "Authorized Person" and, collectively, the "Authorized Persons") for all purposes of these resolutions;

**RESOLVED**, that each Authorized Person, acting alone or together with one or more other Authorized Persons, is hereby authorized, empowered, and directed, together with such Company's advisors, to execute and file on behalf of each Company all petitions, schedules, lists, motions, applications, pleadings, papers, and other documents, and to take any and all actions deemed necessary or proper to obtain such relief, including any action necessary to wind down the affairs of each Company and to prosecute and administer the Chapter 7 Cases;

**Retention of Professionals:**

**RESOLVED**, that each Authorized Person, acting individually with full power of delegation, is hereby authorized, empowered, and directed to employ and retain any professionals as may be necessary or appropriate to assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all action to advance the rights and obligations of the Companies, including filing any motions, objections, replies, applications, or pleadings;

**General:**

**RESOLVED**, that each Authorized Person, and each manager and officer of each Company, acting in the name and on behalf of the applicable Company, is hereby authorized, empowered, and directed to: (i) amend, supplement, or otherwise modify the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in these resolutions; (ii) take any and all further actions, and execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, and other documents; (iii) pay all expenses, including taxes and filing fees; and (iv) do or refrain from doing

any act or thing, in each case as such Authorized Person may deem necessary, advisable, or desirable in such Authorized Person's reasonable business judgment to fully carry out the intent and purposes of these resolutions and the transactions contemplated hereby;

**RESOLVED**, that all acts, actions, and transactions and certifications relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certification has been specifically authorized in advance by resolution of each Governing Body;

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

**RESOLVED**, that this written consent may be executed by electronic signature and electronic transmission, including via DocuSign or other similar method, and in any number of counterparts, each of which shall be deemed an original and may be relied on to the same extent as the original, and such counterparts shall together constitute one and the same instrument.

[*signature pages to follow*]

**IN WITNESS WHEREOF**, the undersigned, being the Board of Managers of Full Circle Fiber Intermediate LLC, have executed this written consent as of the date first set forth above.

FULL CIRCLE FIBER INTERMEDIATE LLC

By: DocuSigned by: Michael Duran EE77349448854D8... ____________________
Name: Michael Duran
Title: Manager

By: Signed by: Jenna Bonczewski E7D75EB74E87418... ____________________
Name: Jenna Bonczewski
Title: Manager

By: Signed by: Donald Mackenzie 3A20FE6CAEBB4EC... ____________________
Name: Donald Mackenzie
Title: Independent Manager

IN WITNESS WHEREOF, the undersigned, being the Managing Member of Full Circle Fiber Operating LLC, has executed this written consent as of the date first set forth above.

FULL CIRCLE FIBER OPERATING LLC

Managing Member:

FULL CIRCLE FIBER INTERMEDIATE LLC as managing member

Signed by:

By: Donald Mackenzie ________________

3A20FE6CAEBB4EC...

Name: Donald Mackenzie
Title: Independent Manager

IN WITNESS WHEREOF, the undersigned, being the Managing Member of Lightspeed Construction Group LLC, MTC Consulting LLC, Reel Broadband LLC, Precision Broadband LLC, RMWT Consulting LLC, and Connecta Broadband LLC, has executed this written consent as of the date first set forth above.

LIGHTSPEED CONSTRUCTION GROUP LLC
MTC CONSULTING LLC
REEL BROADBAND LLC
PRECISION BROADBAND LLC
RMWT CONSULTING LLC
CONNECTA BROADBAND LLC

Managing Member:

FULL CIRCLE FIBER OPERATING LLC as managing member

by FULL CIRCLE FIBER INTERMEDIATE LLC as managing member

Signed by:

By: Donald Mackenzie
3A20FE6CAEBB4EC...
Name: Donald Mackenzie
Title: Independent Manager

IN WITNESS WHEREOF, the undersigned, being the Managing Member of Knight Broadband LLC, Noble Broadband LLC, and Kennedy Broadband LLC, has executed this written consent as of the date first set forth above.

KNIGHT BROADBAND LLC
NOBLE BROADBAND LLC
KENNEDY BROADBAND LLC

Managing Member:

by LIGHTSPEED CONSTRUCTION GROUP LLC as managing member

by FULL CIRCLE FIBER OPERATING LLC as managing member

by FULL CIRCLE FIBER INTERMEDIATE LLC as managing member

Signed by:
By: Donald Mackenzie
3A20FE6CAEBB4EC...
Name: Donald Mackenzie
Title: Independent Manager

**Annex A**

Companies

| Company Name | | Jurisdiction of Incorporation | Governing Body(ies) |
|---|---|---|---|
| 1. | Full Circle Fiber Intermediate LLC | Delaware | Board of Managers |
| 2. | Full Circle Fiber Operating LLC | Delaware | Managing Member (Full Circle Fiber Intermediate LLC) |
| 3. | Lightspeed Construction Group LLC | Delaware | Managing Member (Full Circle Fiber Operating LLC) |
| 4. | MTC Consulting LLC | Delaware | Managing Member (Full Circle Fiber Operating LLC) |
| 5. | Reel Broadband LLC | Delaware | Managing Member (Full Circle Fiber Operating LLC) |
| 6. | Precision Broadband LLC | Delaware | Managing Member (Full Circle Fiber Operating LLC) |
| 7. | RMWT Consulting LLC | Delaware | Managing Member (Full Circle Fiber Operating LLC) |
| 8. | Connecta Broadband LLC | Delaware | Managing Member (Full Circle Fiber Operating LLC) |
| 9. | Knight Broadband LLC | Delaware | Managing Member (Lightspeed Construction Group LLC) |
| 10. | Noble Broadband LLC | Delaware | Managing Member (Lightspeed Construction Group LLC) |
| 11. | Kennedy Broadband LLC | Delaware | Managing Member (Lightspeed Construction Group LLC) |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>KNIGHT BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>NOBLE BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>KENNEDY BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>LIGHTSPEED CONSTRUCTION GROUP LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>MTC CONSULTING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |

| | |
|---|---|
| In re:<br><br>REEL BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>PRECISION BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>RMWT CONSULTING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>CONNECTA BROADBAND LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>FULL CIRCLE FIBER OPERATING LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |
| In re:<br><br>FULL CIRCLE FIBER INTERMEDIATE LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 26-_____ (___) |

**DISCLOSURES OF COMPENSATION OF ATTORNEY FOR DEBTORS**

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) (the "Debtors") and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, Ice Miller has agreed to accept ...…………………………$20,000.00
Prior to filing this statement Ice Miller has received ...………………………$20,000.00
Balance due ………………….……………………………………………… $0.00

2. The source of the compensation paid to me was Debtor, Full Circle Fiber Operating LLC.

3. The source of compensation to be paid to me is Debtor, Full Circle Fiber Operating LLC.

4. I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5. Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. representation of the Debtors as may otherwise be required to advise the Debtors regarding its rights and responsibilities as debtors under chapter 7 of the Bankruptcy Code and the Bankruptcy Rules.

6. By agreement with the Debtors, the above-disclosed fee does not include the representation of the Debtors in any nondischargeability actions, judicial lien avoidances, relief from stay actions, or any other adversary proceedings or other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

[*Remainder of page intentionally left blank*]

**<u>CERTIFICATION</u>**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: September 9, 2026
Wilmington, Delaware

*<u>/s/ Christopher M. Samis</u>*

**ICE MILLER LLP**
Christopher M. Samis (No. 4909)
500 Delaware Avenue, Suite 220
Wilmington, Delaware 19801
Telephone: (302) 313-0600
Email: christopher.samis@icemiller.com